## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D. INC. | : | |
| | : | NO. 02-CV-4977 |
| v. | : | |
| | : | |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, | : | |
| MYKHAILO FITYAK, LARISSA FITYAK, ADOLF | : | |
| GAVRILOV, and LYUDMILA ANDRIANOVA | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER FINANCE, ANDREW CHAROFF, | : | |
| EUGENE URITSKY, GENE BURD, ALEXANDER | : | |
| HOLDINGS, LL, COMMERCE WAY, INC., | : | |
| MICHAEL KOGAN, KOGAN & COMPANY, INC., | : | |
| PENN FINANCIAL GROUP, INC. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2003, upon consideration of the

Motion of Arkadi Nisenzon, Lilia Shukhatian, Georgiy Shukhatian, and International Alternative

Service Group to Intervene, and upon consideration of any opposition thereto,

It is hereby **ORDERED** that the Motion to Intervene is hereby **GRANTED** and interveners

shall forthwith file and serve their Complaint upon all parties in accordance with the Rules.

BY THE COURT:

 

 

_____
                                              J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D. INC. | : | |
| | : | |
| | : | NO. 02-CV-4977 |
| v. | : | |
| | : | |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, | : | |
| MYKHAILO FITYAK, LARISSA FITYAK, ADOLF | : | |
| GAVRILOV, and LYUDMILA ANDRIANOVA | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER FINANCE, ANDREW CHAROFF, | : | |
| EUGENE URITSKY, GENE BURD, ALEXANDER | : | |
| HOLDINGS, LL, COMMERCE WAY, INC., | : | |
| MICHAEL KOGAN, KOGAN & COMPANY, INC., | : | |
| PENN FINANCIAL GROUP, INC. | : | |

## <u>MOTION TO INTERVENE</u>

Arkadi Nisenzon and Lilia Shukhatian and Georgiy Shukhatian, by and through their undersigned attorney, Harvey A. Sernovitz, Esquire, hereby move to intervene in the instant action, pursuant to Rule 24, Federal Rules of Civil Procedure, and assign the following reasons therefore:

1.      Arkadi Nisenzon and Lilia Shukhatian are husband and wife, United States citizens and residents of the State of New Jersey.

2.      Georgiy Shukhatian is a citizen of the Ukraine, residing in Odessa. Georgiy is the father of Lilia Shukhatian. Georgiy has designated his daughter Lilia and son-in-law Arkadi as his attorneys-in-fact with regard to the investment account and funds at issue herein, described below.

– 1 –

3.      International Alternative Service Group, Ltd. ("IASG"), is a corporation organized and existing under the laws of the Bahamas.

4.      Each of the proposed interveners delivered and entrusted substantial funds to Michael Kogan for the purpose of having Kogan invest said funds on their behalf.  Interveners believed that Kogan was a stockbroker employed by or otherwise associated with Penn Financial Group, a broker-dealer located in Jenkintown, Pennsylvania.

5.      Proposed interveners delivered and entrusted to Michael Kogan, collectively and in total, an amount in excess of $1.8 million dollars during the period commencing on March 7, 2002, through March 4, 2003.  The specifics of such entrustments, including dates, amounts, and account identification information is more fully set forth in the proposed Complaint which interveners seek to file in this matter.  The Complaint is attached hereto as Exhibit A and incorporated herein by reference.

6.      On or about February 13, 2003, Michael Kogan was arrested by agents of the Federal Bureau of Investigation on charges, *inter alia*, of mail fraud, wire fraud, and aiding and abetting.  On May 7, 2003, an indictment was returned as to Michael Kogan and on June 25, 2003, a superseding indictment was filed.  A second superseding indictment was returned on August 27, 2003.

7.      The aforesaid superseding indictment and second superceding indictment against Michael Kogan allege, *inter alia*, that Kogan defrauded the proposed interveners by means of fraud and deceit.

8.      On or about September 15, 2003, Michael Kogan entered into a guilty plea agreement as to all charges against him.

9.      On September 18, 2003, a change of plea hearing was held before the Honorable Herbert J. Hutton, at which time Kogan's guilty plea was accepted by the Court.

10.      The theft of funds from the proposed interveners by Counterclaim Defendant Kogan is conclusively established by virtue of Kogan's guilty plea.

11.      In the instant case, the original Defendants, together with their spouses, have filed a Counterclaim against, *inter alia*, Michael Kogan, Kogan & Company, Inc., and Penn Financial Group alleging, in substance, that they deposited funds with Counterclaim Defendant Michael Kogan for the purpose of opening investment accounts at Penn Financial Group and that said deposits occurred during the years 1998 through 2000.

12.      The original Defendants further allege in their Counterclaim that during the first half of 2002 they requested that Kogan return their invested funds, and that Kogan failed and refused to do so. Proposed interveners believe and therefore aver that Kogan failed and refused to return the funds demanded by Counterclaim Plaintiffs because said funds had already been fraudulently converted by Kogan and were no longer available.

13.      Upon information and belief, during the course of the instant proceedings, Counterclaim Defendant Kogan established an escrow fund in the amount of approximately $400,000.00. The present whereabouts of said escrow fund, the identity of the escrow holders, and the terms of the escrow agreement are not presently known to proposed interveners.

14.      Upon information and belief, any funds placed in escrow by Counterclaim Defendant Kogan were funds belonging to the proposed interveners, identifiable as their funds, and which were fraudulently converted by Counterclaim Defendant Kogan.

15.      Upon information and belief, any funds deposited by Counterclaim Defendant Kogan in escrow in the instant matter were funds as to which Kogan had no possessory rights.

– 3 –

16.     Upon information and belief, any funds deposited in escrow by Counterclaim Defendant Kogan in the instant matter were funds as to which neither the original Plaintiff nor original Defendants in this matter have any possessory rights.

17.     Proposed interveners claim an interest in the aforesaid escrow funds and aver that their interest therein is not adequately represented by existing parties to this action.

18.     Unless proposed interveners are permitted to enter this matter for the limited purpose of asserting their property rights in the proposed escrow fund, their rights to said funds will be retrievably lost.

WHEREFORE, proposed interveners request this Honorable Court to permit them to file a Complaint in the form attached hereto as Exhibit A and enter into these proceedings for the limited purpose of presenting their claim to any and all escrow funds deposited by Counterclaim Defendant Michael Kogan.

Respectfully submitted,


BY:_____

Date:_____          HARVEY A. SERNOVITZ, ESQUIRE
                                   Attorney for Arkadi Nisenzon, Lilia
                                   Shukhatian, Georgiy Shukhatian, and IASG

                                   I.D. No. 10313
                                   Lewis Tower Building, Suite 703
                                   225 South 15th Street
                                   Philadelphia, PA 19102
                                   (215) 735-8100

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D. INC. | : | |
| | : | NO. 02-CV-4977 |
| v. | : | |
| | : | |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, | : | |
| MYKHAILO FITYAK, LARISSA FITYAK, ADOLF | : | |
| GAVRILOV, and LYUDMILA ANDRIANOVA | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER FINANCE, ANDREW CHAROFF, | : | |
| EUGENE URITSKY, GENE BURD, ALEXANDER | : | |
| HOLDINGS, LL, COMMERCE WAY, INC., | : | |
| MICHAEL KOGAN, KOGAN & COMPANY, INC., | : | |
| PENN FINANCIAL GROUP, INC. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

Proposed interveners are victims of an elaborate and sophisticated fraud perpetrated by Michael Kogan. Kogan held himself out to be a stockbroker and/or money manager who was associated with Penn Financial Group, a broker dealer in Jenkintown, Pennsylvania. Kogan solicited funds from investors and fraudulently represented that they would each have an account at Penn Financial as well as an account at Fiserv Securities, Inc., the clearing house used by Penn Financial. The investors believed that the investment accounts had been opened on their behalf by Kogan, who fraudulently advised them that of that fact and who periodically delivered account statements purporting to show proper disposition of the investment funds as well as very substantial trading profits.

– 1 –

In truth and in fact, Kogan converted the funds delivered by investors almost immediately and by a variety of means. In some instances, their funds were deposited in Fiserv accounts controlled by and belonging to Kogan; in other instances, their funds were simply diverted into bank accounts owned and controlled by Kogan.

Discovery of Kogan's fraud was delayed by elaborate concealment mechanisms, including the creation and delivery of false account statements, purportedly prepared by Fiserv and/or Penn Financial. Most investors were unaware that their funds had been stolen until they attempted to withdraw them.

The proposed interveners were defrauded of approximately $1.8 million dollars by means of the fraud briefly described above. Their funds were delivered to Kogan beginning in March 2002 and continuing through February 2003. The great bulk of the losses suffered by the proposed interveners occurred in late February 2003 when they wire transferred $1 million dollars to Kogan, which he promptly diverted.

In the instant case, the original Defendants filed a Counterclaim against Kogan, Kogan & Company, Inc., and Penn Financial Group, Inc., among others. They allege in the Counterclaim that they invested funds with Kogan and that he failed and refused to return those funds upon demand.

The original Plaintiff in this action appears to assert a claim against the very same funds which the original Defendants claim were stolen by Kogan. It seems to be the theory of the Plaintiff that the funds deposited by the original Defendants with Kogan represented monies stolen from Plaintiff.

Interveners believe that, during the course of this litigation, Kogan deposited in escrow the sum of approximately $400,000.00. The proposed interveners believe that these funds were deposited in escrow in the nature of an interpleader as between Plaintiff and the original Defendants.

Proposed interveners believe, and have alleged, that if such an escrow fund exists it must have been established with their money. According to the Counterclaim against Kogan by the original Defendants, they deposited money with Kogan during the years 1998 through 2000, and they demanded the return of their money in early 2002. Based upon the known *modis operandi* of Kogan, as more fully described in the proposed Complaint which interveners seek to file, it is believed that Kogan fraudulently converted deposits made by the original Defendants quickly after he received them and that those funds had long since been dissipated when the their return was demanded.

It is further believed, and averred in the proposed Complaint of interveners, that if Kogan placed funds in escrow in this litigation, the only source of those funds would have been monies delivered to him by the proposed interveners. In particular, it is believed that the sum of $1 million dollars wire transferred to Kogan on February 24, 2003, represented the only funds available to Kogan from and after the time that the instant litigation was commenced.

The proposed interveners believe that third party discovery directed to Fiserv Securities, Inc., and to the banks in which Kogan maintained personal accounts will enable them to trace their funds, and particularly the last $1 million dollar deposit to demonstrate that any money interpleaded and/or placed in escrow by Kogan in this case can be identified as their funds. They seek to intervene in this litigation solely for that purpose.

The Complaint which the proposed interveners seek leave to file is essentially a Complaint in Replevin, although it also contains the requisite counts of fraudulent conversion.

An action in replevin is founded upon a wrongful taking and detention of property, and it seeks to recover the property in the possession of another. <u>Valley Gypsum Co., Inc. v. Pennsylvania State Police</u>, 581 A.2d 707 (Pa.Cmwlth. 1990).

The sole issue in a replevin action is one of title and right of possession. <u>Austin v. Borough of Ligonier</u>, 551 A.2d 403 (Pa.Cmwlth. 1988).

Money may be the object of a replevin action if it is easily susceptible to ready and positive identification. <u>Commonwealth v. Dean</u>, 369 A.2d 423 (Pa.Super. 1976).

In <u>Holt Cargo Systems, Inc. v. Philadelphia Construction Equipment, Inc.</u>, 24 Phila. Cty. Rptr. 357 (1992), an action in replevin was deemed proper where plaintiff had been billed twice by defendant for the same work and was able to learn where its check in payment of the second invoice was deposited. The court found that the plaintiff's funds were easily susceptible to ready and positive identification, thereby making it the proper subject of a replevin action and writ of seizure.

Proposed interveners aver that they will be able to prove that their funds were used to repay earlier investors including the claimants in the instant litigation.

Rule 24, Federal Rules of Civil Procedure, permits intervention, as of right, under these circumstances. The Rule provides, in relevant part, that anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interests is adequately represented by the existing parties.

– 4 –

It is clear from the pleadings that the existing parties cannot be expected to adequately represent the interests of the proposed interveners. They assert no claims to identifiable funds, but instead seek to be made whole from any available funds, without regard to the source of those funds. They are, of course, not entitled to be made whole from funds belonging to the proposed interveners but wrongfully detained by Kogan. If the present parties are permitted to divide the funds between them which are believed to be on deposit in escrow, whether by agreement or otherwise, the property rights of the proposed interveners will, as a practical matter, be impaired. Rule 24 requires no more than this.

For the foregoing reasons, the proposed interveners respectfully submit that their right to intervene is clear and that they should be permitted to assert their claim to the specific fund identified in their motion.

Respectfully submitted,

BY:_____

Date:_____

HARVEY A. SERNOVITZ, ESQUIRE
Attorney for Arkadi Nisenzon, Lilia
Shukhatian, Georgiy Shukhatian, and IASG

I.D. No. 10313
Lewis Tower Building, Suite 703
225 South 15th Street
Philadelphia, PA 19102
(215) 735-8100

– 5 –

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ALEXANDER FINANCE C.D. INC. | : | |
| | : | NO. 02-CV-4977 |
| v. | : | |
| | : | |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, | : | |
| MYKHAILO FITYAK, LARISSA FITYAK, ADOLF | : | |
| GAVRILOV, and LYUDMILA ANDRIANOVA | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER FINANCE, ANDREW CHAROFF, | : | |
| EUGENE URITSKY, GENE BURD, ALEXANDER | : | |
| HOLDINGS, LL, COMMERCE WAY, INC., | : | |
| MICHAEL KOGAN, KOGAN & COMPANY, INC., | : | |
| PENN FINANCIAL GROUP, INC. | : | |

## <u>CERTIFICATE OF SERVICE</u>

Harvey A. Sernovitz, Esquire, counsel for proposed interveners Arkadi Nisenzon, Lilia Shukhatian, Georgiy Shukhatian, and International Alternative Service Group, Ltd., hereby certifies that on the _____ day of _____ he served a true and correct copy of the attached Motion to Intervene by hand delivery of same to the following counsel as follows:

A. Charles Peruto, Esquire
Washington West Building
235 South 8th Street
Philadelphia, PA 19106
Attorney for Alexander Finance C.D., Inc.,
Kogan & Company, Inc., Michael Kogan,
Commerce Way, Inc., Alexander Holdings, LLC,
Eugene Uritsky, Andrew Charoff

Dante Mattioni, Esquire
Mattioni, Ltd.
399 Market Street, Second Floor
Philadelphia, PA 19106
Attorney for Arkady Sirotovsky, Natalia
Sirotovsky, Mykhailo Fityak, Larissa
Fityak, Adolf Gavrilov, Lyudmila
Andrianova

Richard L. Scheff, Esquire
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street
Philadelphia, PA 19109
Attorney for Penn Financial Group, Inc.

Gene M. Burd, Esquire
Marks & Sokolov, LLC
1835 Market Street
Philadelphia, PA 19103
Attorney for Gene Burd

Date:_____          BY:_____
                                HARVEY A. SERNOVITZ, ESQUIRE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ARKADI NISENZON AND LILIA SHUKHATIAN | : |
| 18 Tamarack Road | : |
| Post Office Box 1144 | : |
| Alpine, NJ 07620 | : |
| and | : |
| GEORGIY SHUKHATIAN | : |
| 58-6 Chernomor Skya Doroga #46 | : |
| Odessa, Ukraine 270059 | : |
| and | : |
| INTERNATIONAL ALTERNATIVE SERVICE | : |
| GROUP, LTD. | : |
| Post Office Box 123, Montague Sterling Centre | : |
| East Bay Street | : |
| Nassau, Bahamas | : |
| | : |
| v. | : |
| | : |
| ALEXANDER FINANCE C.D. INC. | : |
| | :    NO. 02-CV-4977 |
| v. | : |
| | : |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, | : |
| MYKHAILO FITYAK, LARISSA FITYAK, ADOLF | : |
| GAVRILOV, and LYUDMILA ANDRIANOVA | : |
| | : |
| v. | : |
| | : |
| ALEXANDER FINANCE, ANDREW CHAROFF, | : |
| EUGENE URITSKY, GENE BURD, ALEXANDER | : |
| HOLDINGS, LL, COMMERCE WAY, INC., | : |
| MICHAEL KOGAN, KOGAN & COMPANY, INC., | : |
| PENN FINANCIAL GROUP, INC. | : |

---

**COMPLAINT**

1.      This is an action in Replevin to recover money fraudulently converted by

Defendants Michael Kogan, Kogan & Company, Inc., and Penn Financial Group from Plaintiffs

by means of a sophisticated scheme involving fraudulent misrepresentations by the Defendants

to the Plaintiffs that Plaintiffs' funds were being deposited to various investment accounts whereas in truth and in fact all of the Plaintiffs' funds were fraudulently converted by Michael Kogan to his own use. As Kogan's scheme began to unravel, it is believed and therefore averred that Kogan used monies belonging to Plaintiffs in order to satisfy obligations to other and earlier victims so as to dissuade them from pursuing civil and criminal charges against him. Specifically, this action is filed for the purpose of recovering funds of Plaintiffs which are believed to have been deposited by Kogan in an escrow account in order to satisfy competing claims of the original parties in this action.

2.      Jurisdiction of the original action is based upon 28 U.S.C. Section 1331 and 18 U.S.C. Section 1964(c) as a case arising under the laws of the United States and based upon the Racketeer Influence and Corrupt Organization Act. Jurisdiction over the instant Complaint is based upon the doctrine of supplemental jurisdiction. 28 U.S.C. Section 1367.

3.      Venue is proper in this district under 28 U.S.C. Section 1391 because the Defendants reside in this district and because events and transactions have taken place here.

4.      Plaintiff Arkadi Nisenzon ("Nisenzon") is a citizen of the United States and an individual residing at the address set forth in the caption above and is the husband of Plaintiff Lilia Shukhatian and the son-in-law of Plaintiff Georgiy Shukhatian.

5.      Plaintiff Lilia Shukhatian ("Lilia") is a citizen of the United States and an individual residing at the address set forth in the caption above.

6.      Plaintiff Georgiy Shukhatian ("Georgiy") is a citizen of the Ukraine and residing in Odessa at the address set forth in the caption above and is the father of Plaintiff Lilia Shukhatian. Plaintiff Georgiy Shukhatian designed his son-in-law Arkadi Nisenzon and his daughter Lilia Shukhatian as his attorneys-in-fact to deal with the investment funds which are the subject of this action.

7.    Plaintiff International Alternative Service Group, Ltd. ("IASG"), is a corporation organized and existing under the laws of the Bahamas with an office at the address set forth in the caption above.

8.    Defendant Michael Kogan ("Kogan") is an individual with a residence at 65 Gulph Club Drive, Langhorne, 19047.  Upon information and belief, Defendant Kogan is presently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania.

Upon information and belief, Kogan is the principal and president of Kogan & Company, Inc., a Pennsylvania corporation purportedly engaged in the business of financial management and which purportedly conducted security transactions through Penn Financial Group, Inc.  It is further believed and therefore averred that Kogan is a principal of Penn Financial Group, Inc., a stock brokerage firm which formerly maintained offices at 261 Old York Road, Suite 633, Jenkintown, Pennsylvania.

9.    Defendant Kogan & Company is a Pennsylvania corporation purportedly engaged in the business of financial management with its last known office at 261 Old York Road, Suite 633, Jenkintown, Pennsylvania.

10.    Defendant Penn Financial Group, Inc., ("Penn Financial") is a Pennsylvania corporation with last known office at 261 Old York Road, Suite 633, Jenkintown, Pennsylvania. Penn Financial held itself out to be a stock brokerage firm.

**COUNT I**
**GEORGIY SHUKHATIAN V. MICHAEL KOGAN**
**FRAUDULENT CONVERSION**

11.    Prior to February 19, 2002, Nisenzon was referred to Kogan, who represented himself to be a highly successful stockbroker employed by and/or otherwise associated with Penn Financial.

– 3 –

12.     In reliance upon the representations of Kogan, Nisenzon and Lilia opened an account with Kogan on behalf of Georgiy on February 19, 2002, with Fiserv Securities, Inc.  A copy of the Account Application is attached hereto as Exhibit 1 and incorporated herein by reference.  Kogan represented to Nisenzon and to Lilia that Penn Financial Group used the services of Fiserv for the purpose of executing trade orders to buy and sell securities on behalf of clients of Penn Financial and also to perform cashiering functions.  Kogan fraudulently represented that the account in the name of Georgiy Shukhatian was assigned a Fiserv account number 517-51970.  In truth and in fact, no such account ever existed.

13.     On or about March 7, 2002, Lilia drew a check on her father's account at Morgan Stanley in the amount of $100,000.00 for the purpose of making an initial deposit to her father's new account with Michael Kogan and delivered the check by certified mail to Kogan at his address in Jenkintown.  A true and correct copy of the check and certified mail receipt is attached hereto as Exhibit 2 and incorporated herein by reference.

14.     Kogan fraudulently converted the funds represented by the above-described check by depositing them into an account in the name of Kogan & Company, rather than to Georgiy's account at Fiserv.

15.     By letter of March 21, 2002, Eric Laucius confirmed the opening of a new brokerage account, No. 517-51970, on behalf of Georgiy.  A copy of this letter is attached hereto as Exhibit 3 and incorporated herein by reference.

16.     On or about March 28, 2002, Kogan mailed to Nisenzon a statement regarding Georgiy's account No. 517-51970 showing extensive trading and a gain of almost $11,000.00 in a single month.  A copy of the statement is attached hereto as Exhibit 4 and incorporated herein by reference.

17.    On or about April 30, 2002, Kogan mailed to Nisenzon a statement regarding Georgiy's account No. 517-51970 showing extensive trading and a gain of almost $30,000.00 in a period of less than sixty (60) days.  A copy of the statement is attached hereto as Exhibit 5 and incorporated herein by reference.

18.    Each of the aforesaid statements, Exhibits 4 and 5, were completely and totally fraudulent in that Account No. 517-51970 under the name of Georgiy Shukhatian was never established at Fiserv, nor was any other account in the name of Shukhatian ever established, and each and every representation contained in the aforesaid statements is false.

19.    In reliance upon the false and fraudulent representations of Kogan as set forth above, and the apparently spectacular trading results achieved by Kogan, Lilia delivered an additional $170,000.00 to Kogan for deposit to her father's account No. 517-51970 by check dated May 13, 2002.  A copy of the check is attached hereto as Exhibit 6 and incorporated herein by reference.

20.    As before, Kogan fraudulently converted the proceeds of the aforesaid check by depositing them to his account rather than to Account No. 517-51970 in the account of Georgiy at Fiserv.

21.    Thereafter, Kogan continued to mail monthly statements on Georgiy's account to Nisenzon which continued to show extensive stock trades and spectacular profits.  According to the statement forwarded by Kogan on or about April 30, 2003, Georgiy's account balance had grown to $708,482.97.  A copy of this statement is attached hereto as Exhibit 7 and incorporated herein by reference.

22.    In truth and in fact, no such account existed and Georgiy's deposits were all fraudulently converted by Kogan to his own use. See letter dated May 29, 2003, from Fiserv to Nisenzon, attached hereto as Exhibit 8 and incorporated herein by reference.

23.    As a result of the fraudulent representations and conversions of funds described above, Georgiy Shukhatian has been defrauded of the sum of $270,000.00.

WHEREFORE, Plaintiff Georgiy Shukhatian requests this Honorable Court to enter judgment in his favor and against Defendant Michael Kogan in the amount of $270,000.00, together with attorneys' fees and costs.

## COUNT II
## ARKADI NISENZON AND INTERNATIONAL ALTERNATIVE
## SERVICE GROUP LTD. V. MICHAEL KOGAN
## FRAUDULENT CONVERSION

24.    In reliance upon the fraudulent representations of Kogan, including but not limited to the statements regarding the account of his father-in-law, Georgiy Shukhatian, Nisenzon determined to begin investing his own money with Kogan and proposed that they form an equal partnership for the purpose of investing in stocks and securities. Nisenzon and Kogan agreed that they would each contribute equal amounts of capital and would equally share in the profits of the trading activity.

25.    Pursuant to the aforesaid agreement, an account was established at Fiserv Securities, Inc., in the name of LA Commodities, LLC, and Nisenzon was falsely and fraudulently advised by Kogan that the account number assigned to the partnership account was 517-52073. A true and correct copy of the account application is attached hereto as Exhibit 9 and incorporated herein by reference.

26.    In truth and in fact, Kogan never established a partnership account in the name of LA Commodities. Unbeknownst to Nisenzon, Fiserv Account No. 517-52073 was not a Fiserv

– 6 –

account in the name of LA Commodities, LLC, but was, rather, an account established by Kogan in the name of Equity Allocation Partners and with regard to which Kogan was the only authorized principal.  See letter from Fiserv dated May 29, 2003, Exhibit 8.

27.    On or about July 25, 2002, Nisenzon sent to Kogan by Federal Express his check in the amount of $200,000.00 for deposit to Account No. 517-52073 in the name of LA Commodities, LLC. A copy of the check is attached hereto as Exhibit 10 and incorporated herein by reference.  Kogan caused the funds represented by this check to be deposited to his own account at Fiserv, in the name of Equity Allocation Partners, thereby immediately converting these funds to his own use.

28.    On or about August 30, 2002, Kogan mailed to Nisenzon a false and fraudulent account statement for LA Commodities which fraudulently represented, *inter alia*, that Kogan had also invested $200,000.00 in the partnership account as his capital contribution, by means of an "internal transfer" to the account. This false and fraudulent statement further represented that LA Commodities had realized in excess of $41,000.00 in trading profits in its first month of operation. A copy of the said statement is attached hereto as Exhibit 11 and incorporated herein by reference.

29.    On or about October 9, 2002, based upon the false and fraudulent misrepresentations of Kogan, Nisenzon drew a check in the amount of $200,000.00 made payable to Fiserv Securities, Inc., for deposit to Account No. 517-52073 for the purpose of making a further capital contribution to LA Commodities.  Nisenzon delivered the check to Kogan via Federal Express.  A copy of the check is attached hereto as Exhibit 12 and incorporated herein by reference.

30.    Kogan fraudulently converted the aforesaid check by depositing it to his personal account at Citizens Bank, Account No. 6101653211.

31.    On or about November 25, 2002, again relying upon the fraudulent misrepresentations of Kogan, Nisenzon invested an additional $100,000.00 in what he believed to be the LA Commodities account, No. 517-52073, by check delivered to Kogan via Federal Express.  A copy of the check is attached hereto as Exhibit 13 and incorporated herein by reference.

32.    Kogan fraudulently converted the proceeds of the aforesaid check by depositing it  in his personal account at Citizens Bank, Account No. 6101653211.

33.    Throughout this period of time, Kogan sent Nisenzon, via both regular mail and email, account statements showing extensive trading activity and spectacular trading profits.  In reliance upon these false and fraudulent representations, Nisenzon made additional investments to what he believed was the account of LA Commodities by means of wire transfers on various dates in a total amount of $30,150.00.

34.    By December 2002, Nisenzon, believing Kogan to be a stock trader of extraordinary acumen, agreed to join with Kogan in the establishment of a limited partnership which would operate as a hedge fund and would have, as its general partner, LA Commodities. The partnership was to be known as Milex Fund L.P.  A copy of the purported Partnership Agreement is attached hereto as Exhibit 14 and incorporated herein by reference.

35.    On or about December 30, 2002, Kogan advised Nisenzon, by email, that the new account in the name of the Milex Fund had been established at Fiserv Securities and was assigned Account No. 517-53204.  A true and correct copy of the email is attached hereto as Exhibit 15 and incorporated herein by reference.

– 8 –

36.     In order to provide operating capital for Milex, Nisenzon  borrowed $1 million dollars ($1,000,000.00) from International Alternatives Service Group, Inc., a corporation owned by Nisenzon's wife, Plaintiff Lilia Shukhatian.

37.     On or about February 24, 2003, based upon the false and fraudulent misrepresentations of Kogan, Lilia Shukhatian caused a wire transfer in the amount of $1 million dollars to be made to Fiserv Securities for the credit of an account, No. 517-52073, which she believed was the account of LA Commodities but which was, in fact, a Kogan account titled in the name of Equity Allocation Partners. See wire transfer authorization attached hereto as Exhibit 16 and incorporated herein by reference.

38.     Thereafter, Kogan falsely and fraudulently represented that the aforesaid $1 million dollars were deposited to the LA Commodities account and then transferred to the Milex account. See account information dated March 3, 2003, attached hereto as Exhibit 17 and incorporated herein by reference.  See also statement for the period ended March 31, 2003, attached hereto as Exhibit 18 and incorporated herein by reference. In truth and in fact, Kogan had already secretly and fraudulently converted the $1 million dollars to his own use and thereafter fraudulently created account statements to give the impression that funds were transferred from the non-existent LA Commodities account to the non-existent Milex account and to thereby conceal his conversion of the said funds.

39.     As a result of the fraud and deception described above, Arkadi Nisenzon and IASG were defrauded of the further sum of $1 million dollars.

WHEREFORE, Arkadi Nisenzon and International Alternative Service Group, Ltd., demand judgment against Michael Kogan in the amount of $1,530,150.00 (One million five hundred thirty thousand one hundred fifty dollars), together with attorneys' fees and costs.

– 9 –

## COUNT III
## ARKADI NISENZON, LILIA SHUKHATIAN AND GEORGIY SHUKHATIAN AND INTERNATIONAL ALTERNATIVE SERVICE GROUP, LTD., V. MICHAEL KOGAN – REPLEVIN

40.    Upon information and belief, Michael Kogan used a part of the proceeds fraudulently converted from Plaintiffs, as described in Counts I and II above, to repay other victims of his fraudulent schemes in order to dissuade them from bringing criminal charges against him.

41.    Upon information and belief, Plaintiffs aver that Kogan deposited in an escrow account in this litigation the sum of $400,000.00 which he fraudulently converted from them as described above.

42.    Plaintiffs believe and therefore aver that they have both title and the right to immediate possession, as against all other parties in this litigation, to the escrow funds.

WHEREFORE, Plaintiffs request this Honorable Court to issue a writ of seizure for the escrow fund at issue and to order the said funds to be returned to them forthwith.

Respectfully submitted,


BY:_____

Date:_____

HARVEY A. SERNOVITZ, ESQUIRE
Attorney for Arkadi Nisenzon, Lilia
Shukhatian, and Georgiy Shukhatian

I.D. No. 10313
Lewis Tower Building, Suite 703
225 South 15th Street
Philadelphia, PA 19102
(215) 735-8100

– 10 –