UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D. INC. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-CV-4977 |
| ARKADY SIROTOVSKY; ET. AL. | : | |
| | : | |
| Defendants | : | |

**RESPONSE OF ARKADY SIROTOVSKY, NATALIE SIROTOVSKY, MYKHAILO FITYAK, LARISSA FITYAK, ADOLF GAVRILOV and LYUDMILA ANDRIANOVA TO MOTION TO INTERVENE**

1. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

2. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

3. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

4. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

5. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

6. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

7. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

8. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

9. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

10. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of this averment. Further, this averment calls for a conclusion of law to which no response is required. Denied.

11. Admitted that the original Defendants filed a Counterclaim against Michael Kogan, Kogan & Company, Inc. and Penn Financial Group, Inc. Denied that the spouses of Gavrilov and Andrianova filed a Counterclaim. Denied that the Counterclaim alleges that the original defendants opened investment accounts during the years 1998 through 2000. The Counterclaim speaks for itself.

12. Admitted that the Counterclaim states in March 2002 Andrianova requested a withdrawal of the $40,000 which Kogan did not honor. Otherwise denied. The Counterclaim speaks for itself. As to the allegation of fraudulent conversion by Kogan, after reasonable investigation respondents are without knowledge or information sufficient to form a belief as to the truth of this averment.

13. Admitted that Kogan, after the Counterclaim was filed and on order of the Court paid over to accounts in the names of five original defendants amounts which were placed in an escrow fund pending determination of the original complaint. Otherwise denied.

14. Denied. The funds placed in escrow belong to the original defendants.

15. Denied.

16. Admitted that the original Plaintiff has no possessory rights to the funds in escrow. Denied that the original Defendants lack a possessor right.

17. Denied. Movants in their Memorandum admit this is a guess on their part, and they need discovery. They offer no explanation why they didn't bring their own action against Kogan. The loss of funds they claim may as well be due to recent downturns in the market and the hedge fund whose creation they suggested to Kogan.

18. Denied. This is all speculation and guesswork, and movants memorandum agrees.

**WHEREFORE**, it is respectfully submitted that the Motion to Intervene should be denied.

Respectfully submitted,

**MATTIONI, LTD.**

DATED: October 27, 2003

BY: _____
DANTE MATTIONI, ESQUIRE
PAUL A. KETTUNEN, ESQUIRE
STACEY M. ZAVALAS, ESQUIRE
399 Market Street, Second Floor
Philadelphia, PA 19106
(215)629-1600