UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FINANCE C.D. INC. : | |
| : | |
| Plaintiff : | CIVIL ACTION |
| : | |
| : | |
| : | NO. 02-CV-4977 |
| ARKADY SIROTOVSKY; ET. AL. : | |
| : | |
| Defendants : | |

MEMORANDUM OF DEFENDANTS/COUNTER CLAIMANTS IN OPPOSITION TO
MOTION TO INTERVENE

**I.    Procedural History**

The present matter is in the Civil Suspense File. The Complaint was filed on July 22, 2002, and is essentially a defined RICO action in which Plaintiff Alexander Finance C.D., Inc. alleges a "scheme organized by Defendant Arkady Sirotovsky with the assistance of other defendants to defraud Alexander Finance by invoicing for fabricated consulting services and diverting over $670,000 to bank accounts outside the United States and then back to bank and investment accounts in the United States" (Complaint, par. 1).

Plaintiff in seeking a TRO relied on the Affidavit of Michael Kogan of July 21, 2002 that over $600,000 had been credited to accounts in Kogan & Company, Inc.

On or about September 23, 2003 defendants filed their own RICO counterclaim adding as counterclaim defendants, inter alia, Michael Kogan, Kogan & Company, Inc. and Penn Financial Group, Inc.

On September 27, 2002 the Court ordered Kogan & Company, Inc. and Penn Financial Group, Inc. to liquidate those accounts and place them in an escrow account.

**II.    Discussion**

As defendants pointed out in their Motion to Dissolve TRO filed on October 9, 2002, the Court may not proceed under Federal Rule 64 to order attachment since Pennsylvania has no prejudgment attachment. <u>National Stabilization Agreement v. Evans</u> 71 F. Supp. 2d 427, 431 (M.D. Pa. 1999). Pursuant to Rule 64, the remedy of attachment is governed by state law. <u>Bank of China v. NBM</u> 192 F. Supp. 2d 183 (S.D.N.Y. 2002).

Movants' Motion to Intervene is "in reality, no more than a request for prejudgment attachment." <u>Mitsubishi International Corp. v. Cardinal Textile Sales</u> 14 F.3d 1507 (11th Cir. 1994).

It appears an attempt to transmogrify a defined action into a limitless class action and, as it were, complex mutidistrict litigation by all the Kogan victims, wherever in the world they may be. In the present Motion, Movants are from the Ukraine and the Bahamas. Movants' Motion is confessedly a hypothesis:

> It is further believed, and averred in the proposed Complaint of interveners, that if Kogan placed funds in escrow in this litigation, the only source of the funds would have been monies delivered to him by the proposed interveners. The proposed interveners believe that third party discovery directed to FiServ Securities, Inc., and to the banks in which Kogan maintained personal accounts will enable them to trace their funds, and particularly the last $1 million dollars deposit to demonstrate that any money interpleaded and/or placed in escrow by Kogan in this case can be identified as their funds (Memorandum, p. 3)

Unfortunately, movants give no reason why they did not themselves bring a suit against Kogan, obtain the desired discovery which, of course, may undermine their hypothesis and

speculation in their present Motion. A separate action would make more sense since the monies Movants invested far transcend the amounts escrowed in this action. Movants style their Motion as one of Replevin. However, it is no chattel that is disputed, but money, a fungible commodity.

In <u>Holt Cargo Systems v. Philadelphia Construction Equipment</u> 26 Phila. 354 (1992), cited by Movants, the Court permitted replevin for $51,000.00 where an audit revealed that defendants had billed plaintiff twice for the same work. The Court noted:

> In <u>Commonwealth v. Dean</u> 245 Pa. Super. 322, 369 A.2d 423 (1976), the court stated that money may be the property in a replevin action if it is easily susceptible to ready and positive identification. In <u>Dean</u> the court did not allow the replevin of money because there was no possibility of identification and the named defendant was no longer in possession of the money. Currently, however, plaintiff paid defendants $51,000.00 by check no. 172619. Upon receipt of the cancelled check, plaintiff learned where it was deposited. Therefore, plaintiff's $51,000.00 is easily susceptible to ready and positive identification making it the proper subject of a replevin action.

In the present situation, Kogan is, from what Movants claim, no longer in possession of their money and so the money is not "easily susceptible to ready and positive identification."

For another reason, the Motion to Intervene should be denied. In Count Two, Nisenzon alleges:

> 24. Nisenzon determined to begin investing his own money with Kogan and proposed that they form an equal partnership for the purpose of investing in, stocks and securities. Nisenzon and Kogan agreed that they would each contribute equal amounts of capital and would equally share in the profits of the trading activity.
>
> 25. Pursuant to the aforesaid agreement, an account was established at FiServ Securities, Inc. in the name of LA Commodities, LLC.
>
> 34. By December 2002, Nisenzon, believing Kogan to be a stock trader of extraordinary acumen, agreed to join with Kogan in the establishment of a limited partnership which would operate as a hedge fund and would have, as

35. its general partner, LA Commodities. The partnership was to be known as Milex L.P.

35. On or about December 30, 2002, Kogan advised Nisenzon, by e-mail, that the new account in the name of Milex Fund had been established at FiServ Securities...

36. In order to provide capital for Milex, Nisenzon borrowed $1 million dollars from International Alternative Service Group, Inc., (of the Bahamas) a corporation owned by Nisenzon's wife, Plaintiff Lila Shukhatian

It is well-established that RICO bars any claims founded upon conduct actionable under federal securities laws. <u>Tyrone Area School District v. Mid-State Bank & Trust Co.</u> 1999 U.S. Dist. LEXIS 23192 (W.D. Pa. 1999). In 1995, Congress passed the Private Securities Litigation Reform Act (PSCRA). 18 U.S.C. 1964 (c) now provides:

> . . . no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962

The Suspense Action is basically a RICO action. Since the gravamen of Movant's Motion revolves about a hedge fund limited partnership fund he proposed to Kogan, this non-RICO securities action, convoluted in itself, should not be merged into the underlying RICO action.

It is well-established that a mere economic interest in the outcome of the litigation is insufficient to justify Intervention. <u>Septa v. PUC</u> 210 F. Supp. 2d 689, 703 (E.D. Pa. 2002). In <u>Kleissler v. U.S. Forest Service</u> 157 F. 3d. 964 (3rd Cir. 1998), it was pointed out that the "interest" test of Rule 24(a) is "nebulous" and must often be determined by "pragmatic considerations." "Those considerations, however, should not prevail if the focus of the litigation would be unduly dissipated or case management would become exceptionally complex." 157 F. 3d at 970.

The mere fact that a lawsuit may impede a third party's ability to recover in a separate suit

does not give the third party a right to intervene. <u>Hawaii - Pacific Venture Capital Corp. v. Rothbard</u> 564 F. 2d 1343, 1346 (9th Cir. 1977).

Since movants' monies are no longer in Kogan's possession and are not "easily susceptible to ready and positive identification," the replevinary interest alleged is lacking and insufficient to qualify as an "interest" under Rule 24(a). The underlying action should not be turned into a marshaling or tracing of the labyrinthian schemes of Kogan, to whom the Movants proposed their combining to form a hedge fund.

Additionally, it is believed that there is no independent federal jurisdictional grounds to support permissive intervention since Movant, Nisenzon and Plaintiff/Counter Claimant Alexander Finance CD are both New Jersey residents.

Respectfully submitted,

**MATTIONI, LTD.**

DATED: October 27, 2003          BY: _____
                                     DANTE MATTIONI, ESQUIRE
                                     PAUL A. KETTUNEN, ESQUIRE
                                     399 Market Street, Second Floor
                                     Philadelphia, PA 19106
                                     (215)629-1600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FINANCE C.D. INC. : | |
| : | |
| Plaintiff : | CIVIL ACTION |
| : | |
| : | |
| : | NO. 02-CV-4977 |
| ARKADY SIROTOVSKY; ET. AL. : | |
| : | |
| Defendants : | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED that: The Motion to Intervene of Arkady Nisenzon, Lilia Shukhatian, Georgiy Shukhatian and International Alternative Service Group, Ltd. is denied.

BY THE COURT:

_____
Berle M. Schiller, J.