UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FINANCE C.D. INC. : | |
| : | NO. 02-CV-4977 |
| v. : | |
| : | |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, : | |
| MYKHAILO FITYAK, LARISSA FITYAK, ADOLF : | |
| GAVRILOV, and LYUDMILA ANDRIANOVA : | |
| : | |
| v. : | |
| : | |
| ALEXANDER FINANCE, ANDREW CHAROFF, : | |
| EUGENE URITSKY, GENE BURD, ALEXANDER : | |
| HOLDINGS, LL, COMMERCE WAY, INC., : | |
| MICHAEL KOGAN, KOGAN & COMPANY, INC., : | |
| PENN FINANCIAL GROUP, INC. : | |

**MOTION OF ARKADI NISENZON, LILIA SHUKHATIAN AND GEORGIY SHUKHATIAN TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* DIRECTED TO FISERV SECURITIES, INC.**

Arkadi Nisenzon and Lilia Shukhatian, husband and wife, and Georgiy Shukhatian, by and through their undersigned attorney, Harvey A. Sernovitz, Esquire, hereby move to compel Fiserv Securities, Inc., to comply with the Subpoena *Duces Tecum* and, in support thereof, aver as follows:

1.  Fiserv Securities, Inc., ("Fiserv") is a commercial entity which provides various services to the financial and brokerage industries including, *inter alia*, acting as a clearing house to execute stock trades on behalf of dealers/brokers.

2.  Fiserv acted as the clearing house for trades ordered by Penn Financial Group, Inc., a stock brokerage firm located, at all material times, in Jenkintown, Pennsylvania.

3. Michael Kogan was a stockbroker employed by or otherwise associated with Penn Financial Group, Inc., during the period commencing on March 7, 2002, through March 4, 2003, when he received in excess of $1,800,000.00 from Movants under the guise of opening investment accounts for them at Fiserv through which he would make stock trades on their behalf.

4. Instead, Kogan converted to his own use the funds entrusted to him by Movants through a variety of fraudulent devices, all of which involved the use or purported use of accounts at Fiserv. The scheme employed by Kogan is more fully set forth in Movants' Motion to Intervene in the instant action and, particularly, in their proposed Complaint.

5. Michael Kogan has pleaded guilty to a federal indictment accusing him of, *inter alia*, defrauding Movants through the use of Fiserv accounts.

6. In connection with prosecution of <u>U.S. v. Michael Kogan</u>, Criminal No. 03-306-01, the Government introduced an exhibit containing an analysis of an account at Fiserv maintained by Kogan and titled "Equity Allocation Partners," Account No. 517-52073. A copy of the exhibit is attached hereto and incorporated herein as Exhibit A.

7. Exhibit A is based upon records secured from Fiserv by the United States Attorney's Office and demonstrates a deposit of $1,000,000.00 on behalf of Movant Arkadi Nisenzon on February 25, 2003, which was believed by Mr. Nisenzon to have been deposited to the credit of LA Commodities, a Fiserv account of which he believed he was the owner. In fact, Kogan schemed to have these funds deposited in his Equity Allocation Partners' account, the name of which was changed shortly before this deposit to add the phrase "c/o LA Commodities."

Exhibit A further demonstrates that, two days after receiving this deposit, Kogan withdrew from Mr. Nisenzon's funds the sum of $392,590.00 which was paid, in varying amounts, to parties to the instant lawsuit, shown on Exhibit A. It is believed and therefore averred

that these are the very same funds held in escrow in connection with the instant case.

8. As more fully described in Movants' proposed Complaint, Kogan diverted additional funds from Movants by depositing them in the Equity Allocation Partners' account while misrepresenting to Movants that the account number assigned to Equity Allocation Partners was in fact the account number of LA Commodities, LLC, an account belonging to Arkadi Nisenzon. One of Mr. Nisenzon's checks for deposit to the account of LA Commodities, LLC, in the amount of $200,000.00 is shown as Exhibit 10 to the proposed Complaint. The reverse side of the check shows that it was received and negotiated by Fiserv Securities. Unbeknownst to Mr. Nisenzon, it was credited to the Equity Allocation Partners' account and not to the LA Commodities' account.

9. Other instances of specific fraudulent acts and misrepresentations are detailed in Movants' proposed Complaint. Cumulatively, these specific instances demonstrate that Kogan's use of Fiserv was central to the success of his fraudulent scheme and that Fiserv's records are essential proof of the scheme.

10. On November 7, 2003, the undersigned counsel, on behalf of Movants, served a records subpoena on Fiserv. A true and correct copy of the subpoena is attached hereto and incorporated herein as Exhibit B.

11. On or about November 13, 2003, the undersigned counsel was telephoned by Glenn A. Weiner, Esquire, and advised by Mr. Weiner that his client would not comply with the Subpoena insofar as it requested records of Equity Allocation Partners, Michael Kogan, or Kogan & Company.

12. In order to persuade Mr. Weiner that his position was incorrect and inappropriate, counsel for Movants sent to Mr. Weiner a letter of November 13 enclosing Exhibit A hereto. A copy of the said letter is attached hereto and incorporated herein as Exhibit C.

13. Fiserv continues to refuse to comply with the Subpoena except as to three pages of documents relating to Milex Fund, LP. A copy of a letter from Glenn Weiner, Esquire, and a copy of Fiserv's Responses and Objections are attached hereto and incorporated as Exhibit D.

Fiserv's position with regard to the purported confidentiality of the records sought is not supported by statute or case law or other legal authority and was apparently not raised in response to subpoenas issued by the United States Attorney.

14. It is believed and therefore averred that the objections raised by Fiserv are raised for the purpose of shielding Fiserv's activities and involvement in this matter and concealing its own potential liability, and not for the purported purpose of protecting the confidentiality of the records sought.

15. The records sought do not enjoy any privilege of confidentiality.

WHEREFORE, Movants respectfully request this Honorable Court to enter an Order compelling Fiserv to provide the requested documents and for an Order imposing attorney's fees and costs on Fiserv.

Respectfully submitted,

Date: 11/26/2003

BY: _____
HARVEY A. SERNOVITZ, ESQUIRE
Attorney for Arkadi Nisenzon, Lilia
Shukhatian, Georgiy Shukhatian, and IASG

I.D. No. 10313
Lewis Tower Building, Suite 703
225 South 15th Street
Philadelphia, PA 19102
(215) 735-8100

## **CERTIFICATION OF GOOD FAITH**

      Counsel for Movants certifies and attests that he has communicated with opposing counsel regarding the discovery matter contained in the foregoing Motion to Compel in an effort to resolve the specific discovery disputes at issue and that counsel's good faith efforts have been unsuccessful.

                                         CERTIFIED TO THE COURT BY:

Date:   11/26/2003                              HARVEY A. SERNOVITZ, ESQUIRE
                                                                 Attorney for Movants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FINANCE C.D. INC.<br><br>v.<br><br>ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, MYKHAILO FITYAK, LARISSA FITYAK, ADOLF GAVRILOV, and LYUDMILA ANDRIANOVA<br><br>v.<br><br>ALEXANDER FINANCE, ANDREW CHAROFF, EUGENE URITSKY, GENE BURD, ALEXANDER HOLDINGS, LL, COMMERCE WAY, INC., MICHAEL KOGAN, KOGAN & COMPANY, INC., PENN FINANCIAL GROUP, INC. | NO. 02-CV-4977 |

## **ORDER**

AND NOW, this _____ Day of _____, 2003, upon Motion to Compel Compliance with Subpoena *Duces Tecum* Directed to Fiserv Securities, Inc., and Fiserv's Response thereto,

It is **ORDERED** that Fiserv shall fully and completely comply with the Subpoena *Duces Tecum* within ten days of the date of this Order.

It is further **ORDERED** that Fiserv shall pay to Movants' counsel attorney's fees in the sum of $_____.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FINANCE C.D. INC. | : |
| | : NO. 02-CV-4977 |
| v. | : |
| | : |
| ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, MYKHAILO FITYAK, LARISSA FITYAK, ADOLF GAVRILOV, and LYUDMILA ANDRIANOVA | : |
| | : |
| v. | : |
| | : |
| ALEXANDER FINANCE, ANDREW CHAROFF, EUGENE URITSKY, GENE BURD, ALEXANDER HOLDINGS, LL, COMMERCE WAY, INC., MICHAEL KOGAN, KOGAN & COMPANY, INC., PENN FINANCIAL GROUP, INC. | : |

**CERTIFICATE OF SERVICE**

Harvey A. Sernovitz, Esquire, counsel for Movants herein, hereby certifies that on the  26th  day of   November, 2003,   he served a true and correct copy of the attached Motion to Compel Compliance with Subpoena *Duces Tecum* Directed to Fiserv Securities, Inc., by U.S. First Class mail, postage prepaid, to the following counsel as follows:

A. Charles Peruto, Esquire
Washington West Building
235 South 8th Street
Philadelphia, PA 19106
Attorney for Alexander Finance C.D., Inc.,
Kogan & Company, Inc., Michael Kogan,
Commerce Way, Inc., Alexander Holdings, LLC,
Eugene Uritsky, Andrew Charoff

Dante Mattioni, Esquire
Mattioni, Ltd.
399 Market Street, Second Floor
Philadelphia, PA 19106
Attorney for Arkady Sirotovsky, Natalia
Sirotovsky, Mykhailo Fityak, Larissa
Fityak, Adolf Gavrilov, Lyudmila
Andrianova

Richard L. Scheff, Esquire
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street
Philadelphia, PA 19109

Gene M. Burd, Esquire
Marks & Sokolov, LLC
1835 Market Street
Philadelphia, PA 19103

– 2 –

Attorney for Penn Financial Group, Inc.        Attorney for Gene Burd


Glenn A. Weiner, Esquire
Klehr, Harrison, Harvey,
Branzberg & Ellers LLP
260 South Broad Street
Philadelphia, PA 19102
Attorney for Fiserv Securities, Inc.


Date:_____       BY:_____
                                    HARVEY A. SERNOVITZ, ESQUIRE