UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D. INC. | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-CV-4977 |
| ARKADY SIROTOVSKY; ET. AL. | : | |
| Defendants | : | |

**RESPONSE OF ARKADY SIROTOVSKY, NATALIE SIROTOVSKY, MYKHAILO FITYAK, LARISSA FITYAK, ADOLF GAVRILOV and LYUDMILA ANDRIANOVA TO SUPPLEMENTAL MOTION TO INTERVENE**

1. Admitted the Motion was filed, but denied there is any basis to the averments.

2. Admitted that Proposed Interveners made these averments, but denied there is any basis to the averments.

3. Admitted.

4. Admitted that documents are attached as Exhibit A. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

5. Admitted that documents are attached as Exhibit A. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

6. Admitted that the Penn Financial Group, Inc. statement attached as Exhibit "A," purports to show that a wire transfer in the amount of $1 million dollars was credited on February

25, 2004, to an account in the name of Equity Allocation Partners, No. 517-52073, and that it is identified as coming from "BONY." After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Respondents further affirmatively state that on the same statement, there are eight (8) additional deposits into the Equity Allocation Partners account, over and above the $1 million dollars, totaling $513,747.00.

7. After reasonable investigation, Respondents are without knowledge or information sufficient to form a belief as to the truth of these averments. It is admitted that Proposed Interveners allege that the $1 million dollars deposited into Penn Financial Account No. 51752073 designated as "Equity Alloca." on Exhibit "A" was there monies.

8. After reasonable investigation, respondents are without knowledge or information sufficient to form a belief as to the truth of these averments. Respondents admit, however, that Mr. Kogan is a crook and attempted to steal their monies invested with him through Penn Financial Group, Inc.

9. Admitted that on February 27, 2003, according to the statement attached as Exhibit "A" to Proposed Interveners' Supplemental Motion, funds were wired from the Equity Allocation Partners' account to PNC escrow accounts which had been established pursuant to this Court's September 27, 2002 and subsequent Show Cause Order of December 17, 2002, in favor of Respondents, L. Andrianova, M. Fityak, L. Fityak, A. Gavrilov, and N. Sirotovsky as set forth therein:

    L. Andrianova:        $98,304.00

    M. Fityak             $111,142.00

      L. Fityak             $45,232.00

      A. Gavrilov         $42,812.00

      N. Sirotovsky      $40,010.00

It is further affirmatively stated that, as set forth on Ex. "A," on the same day five $15 wire transfer fees were debited from the Equity Allocation account to pay for these transfers. Further, as referenced in Respondents' response to paragraph ¶6 above, on that same day and prior to these wire transfers being made to the Respondents' escrow accounts and related $15 transfer fees being debited, **deposits were made into the Equity Allocation account which correspond exactly to the wire transfers out to the PNC escrow accounts plus the $15.00 transfer fees**, as follows:

      L. Andrianova $98,319.00 (*i.e.*, $98,304.00 as reflected in transfer plus $15.00)

      M. Fityak           $111,157.00 ($111,142.00 as reflected in transfer plus $15.00)

      L. Fityak             $45,247.00 ($45,232 as reflected in transfer plus $15.00)

      A. Gavrilov         $42,827.00 ($42,812.00 as reflected in transfer plus $15.00)

      N. Sirotovsky      $40,025.00 ($40,010.00 as reflected in transfer plus $15.00)

In short, Exhibit "A" clearly shows that the monies which were transferred out of the Equity Allocation account to Respondents' escrow accounts did not deplete Proposed Interveners' alleged $1 million which was deposited into the account. Each one of the five wire transfers (plus respective $15.00 transfer fees) to Respondents' escrow accounts corresponds exactly with five deposits which were made in the Equity Allocation account on that same day, according to Exhibit "A."

      10.      Admitted that Exhibit "A" indicates that each one of the transfers to Respondents was to escrow accounts at PNC Bank which were opened pursuant to this Court's September 27, 2003 Order and subsequent Show Cause Order of December 17, 2002.              .

11. Admitted that counsel for Respondents has informed counsel for Proposed Interveners that escrow accounts had been established at PNC Bank pursuant to this Court's Order of September 27, 2002 and subsequent Show Cause Order of December 17, 2002, and that the transfers to the PNC account on Exhibit "A" appear to reflect transfers to those accounts.

12. Strongly Denied. Indeed, as set forth above, Exhibit "A" demonstrates just the opposite of what Proposed Interveners assert. The debits and credits reflect that Proposed Intervener purportedly deposited one million dollars to the Kogan Equity Allocation account on February 25, 2003. Two days later, there were eight (8) additional deposits into the Equity Allocation Partners account, over and above the $1 million dollars, totaling $513,747.00. Five of those deposits **exactly match** the subsequent five wire transfers out of the Equity Allocation account (including $15.00 fee for each of the transfers) to Respondents' escrow accounts at PNC Bank. Far from establishing that Kogan used Proposed Intervenors' money to fund the escrow accounts, Proposed Intervenors' discovery strongly and clearly shows that those escrow accounts were funded by separate and distinct deposits into the Kogan's Equity Allocation account.

**WHEREFORE**, based on the foregoing and Respondents/Defendants previous Response and Memorandum of Law, it is respectfully submitted that the Motion to Intervene should be denied.

Respectfully submitted,

**MATTIONI, LTD.**

DATED: May 28, 2004                                    BY: _DM 1117_____
                                                              DANTE MATTIONI, ESQUIRE
                                                              PAUL A. KETTUNEN, ESQUIRE
                                                              399 Market Street, Second Floor
                                                              Philadelphia, PA 19106
                                                              (215)629-1600

U:\DOCS\pak\Sirotovsky-Rico Defense\Resp to Supple Mot Interv 5-27-04.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D. INC. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | NO. 02-CV-4977 |
| ARKADY SIROTOVSKY; ET. AL. | : | |
| | : | |
| Defendants | : | |

**O R D E R**

AND NOW, this            day of                     , 2004, it is hereby ORDERED that:

The Motion to Intervene of Arkady Nisenzon, Lilia Shukhatian, Georgiy Shukhatian and International Alternative Service Group, Ltd. is denied.

BY THE COURT:

_____
Berle M. Schiller, J.