IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D., INC., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARKADY SIROTOVSKY, et al., | : | No. 02-4977 |
|     Defendants and Third-Party | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PENN FINANCIAL GROUP, INC., et. al., | : | |
|     Third-Party Defendants. | | |

**MEMORANDUM AND ORDER**

Schiller, J.                                                                                          July 9, 2004

    Presently before this Court is a motion to intervene filed by Arkadi Nisenzon, Lilia Shukhatian, and Georgiy Shukhatian ("Movants"). The underlying case includes numerous parties who were allegedly involved in a fraudulent scheme involving a coal-exporting business operating in Siberia and Southern Europe. For purposes of this motion, however, it is relevant only that Defendants/Third-Party Plaintiffs Arkady Sirotovsky, Natalia Sirotovsky, Mykhailo Fitiak, Larissa Fitiak, Adolf Gavrilov, and Lyudmila Andrianova have filed claims against Third-Party Defendants Michael Kogan, Kogan & Company, Inc., and Penn Financial Group, Inc., et al., alleging, inter alia, that Third-Party Plaintiffs deposited funds with Kogan for the purpose of opening investment accounts and that Kogan refused to return their funds. Movants, who were allegedly investment

clients of Kogan and victims of the fraud that led to his criminal conviction[1], seek to intervene on the basis of their interest in funds that were escrowed in the pending third-party action. For the reasons that follow, the motion to intervene is granted.

I.   BACKGROUND

The following facts are relevant to the instant motion. In an Order dated September 27, 2002, this Court directed Third-Party Defendants Kogan & Company and Penn Financial Group to place in individual escrow accounts all funds that they were holding in the names of the Third-Party Plaintiffs. Despite the Court's Order, no escrow accounts were created. On December 17, 2002, the Court ordered Third-Party Defendants to show cause why they should not be held in contempt for failure to comply with the September 27 Order. Nonetheless, the escrow accounts were not created until February 27, 2003.

Three days earlier, on February 24, 2003, Movant Lilia Shukhatia had initiated a wire transfer of $1,000,000.00 to an account that she believed, on the basis of Kogan's representation, was LA Commodities account #517-52073.[2] (Supplemental Mot. to Intervene ¶ 7; Ex. B.) On February 25, 2003, $1,000,000.00 was credited to an account owned by Kogan called "Equity Allocation Partners" ("EAP"), with the account number #517-52073. (*Id.*, Ex. A.) Prior to this wire transfer, the EAP

---

[1] Kogan's scheme involved fraudulently converting funds that were solicited from investors. On January 22, 2004, Kogan was sentenced to 87 months imprisonment, 3 years supervised release and a special assessment of $5,655,350.18. *United States v. Kogan*, Cr. A. No. 03-306 (E.D. Pa. 2004).

[2] This wire transfer occurred almost two weeks after Kogan was arrested, and it led the government to file a superceding indictment that substantially increased his sentencing guideline range.

account had a balance of $1,021.98. (*Id.*) No additional monies were deposited into the EAP account between the $1,000,000.00 deposit of Movant's money and the creation of the escrow accounts. On February 27, 2003, Kogan wired $337,500.00 from the EAP account to escrow accounts that he had established pursuant to the Court's Order in the names of the Third-Party Plaintiffs. (*Id.*)

## II.    DISCUSSION

Motions to intervene are governed by Federal Rule of Civil Procedure 24. In this case, Movants seek to intervene under Rule 24(a)(2), which provides that intervention shall be permitted of right "when the applicant claims an interest relating to the property or transactions which is the subject of the action and the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). The Third Circuit has interpreted Rule 24(a)(2) to include four requirements to intervene: (1) the intervention must be timely; (2) the intervenor must have a sufficient interest relating to the subject of the action; (3) the action must potentially impede the applicant's ability to protect its interest; and (4) the existing parties must not adequately represent the applicant's interest. *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (*quoting Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)); *see also S.E. Pa. Transp. Auth. v. Pa. Pub. Util. Comm'n*, 210 F. Supp. 2d 689, 703-04 (E.D. Pa. 2002).

Third-Party Plaintiffs oppose intervention on the grounds that Movants do not meet the third

requirement, i.e., a sufficient interest relating to the subject matter of the action.[3]  According to the Supreme Court, an intervenor's interest is sufficient if it is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1971).  A "significantly protectable" interest is "a legal interest as distinguished from interests of a general and indefinite character." *Harris*, 820 F.2d at 601 (citations omitted).  Accordingly, a mere economic interest in the outcome of a particular litigation is insufficient to support a motion to intervene. *See United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir. 1984). An intervenor's interest in a specific monetary fund, however, is sufficient to render intervention proper in a case affecting that fund. *Mountain Top*, 72 F.3d at 366 (noting that funds deposited with district court were "assets of an express trust, of which the individual apartment owners [intervenors] are the intended beneficiaries.").  Accordingly, this Court must determine whether Movants' have demonstrated a particular interest in the specific funds at issue in this case, rather than merely a general economic interest in the outcome of the underlying litigation.

The documentation provided by Movants demonstrates that the escrow accounts established by Kogan are composed of their funds.  On January 31, 2003, the EAP account showed an opening balance of $1,021.98.  On February 25, $1,000,000.00 of Movants' funds was wired into the EAP account.  Thereafter, on February 27, Kogan directed $337,500.00 to be transferred from the EAP

---

[3] It should be noted that Third-Party Plaintiffs also oppose intervention on the grounds that Movants and Plaintiff are citizens of the same state (New Jersey), and therefore the Court would not have jurisdiction over Movants' claims.  This argument, however, is clearly incorrect. *See Wodecki v. Nationwide Ins. Co.*, 107 F.R.D. 118, 119 (W.D. Pa. 1985) ("[N]o independent grounds of jurisdiction are necessary where the court has jurisdiction over the main case and the intervention is of right . . . ."); *see also* 7C CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1917 & n.46 (2d ed. 1986) ("[C]ourts that have held that independent jurisdictional grounds are not required when intervention is of right under amended Rule 24(a)(2) have reached the correct result.").

account to PNC escrow accounts in favor of Third-Party Plaintiffs. Because the only possible source of funds for the escrow accounts was Movants' $1,000,000.00 transfer, Movants' are legally entitled to seek return of that money because of Third-Party Defendants' fraud. Therefore, Movants' interests are not merely general economic interests, but rather legally protectable interests in a specific fund, namely the PNC escrow accounts Kogan created using Movants' funds. Accordingly, Movants are entitled to intervene in this action.

      For the foregoing reasons, Movant's motion to intervene is granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER FINANCE C.D. INC.,** : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| **ARKADY SIROTOVSKY, et al.,** : | | No. 02-4977 |
| Defendants and Third-Party: | | |
| Plaintiffs, : | | |
| : | | |
| v. : | | |
| : | | |
| **PENN FINANCIAL GROUP, INC., et. al.,** : | | |
| Third-Party Defendants. | | |

## ORDER

**AND NOW**, this **9th** day of **July, 2004**, upon consideration of Movants Arkadi Nisenzon, Lilia Shukhatian, and Georgiy Shukhatian's Motion to Intervene, Defendants' Response thereto, Movant's Supplemental Motion, and Defendant's response thereto, it is hereby **ORDERED** that:

Movants Arkadi Nisenzon, Lilia Shukhatian and Georgiy Shukhatian's Motion to Intervene (Document No. 60) is **GRANTED**. The Clerk of Court is directed to add the Movants as parties to this action.

BY THE COURT:

_____
**Berle M. Schiller, J.**