UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARKADI NISENZON AND LILIA SHUKHATIAN<br>    and<br>GEORGIY SHUKHATIAN<br>    and<br>INTERNATIONAL ALTERNATIVE SERVICE<br>GROUP, LTD.<br>    v.<br>ALEXANDER FINANCE C.D. INC.<br>    v.<br>ARKADY SIROTOVSKY, NATALIA SIROTOVSKY,<br>MYKHAILO FITYAK, LARISSA FITYAK, ADOLF<br>GAVRILOV, and LYUDMILA ANDRIANOVA<br>    v.<br>ALEXANDER FINANCE, ANDREW CHAROFF,<br>EUGENE URITSKY, GENE BURD, ALEXANDER<br>HOLDINGS, LL, COMMERCE WAY, INC.,<br>MICHAEL KOGAN, KOGAN & COMPANY, INC.,<br>PENN FINANCIAL GROUP, INC. | NO. 02-CV-4977 |

## AMENDED COMPLAINT

1.     This is an action in Replevin to recover money fraudulently converted by Defendants Michael Kogan, Kogan & Company, Inc., and Penn Financial Group from Plaintiffs by means of a sophisticated scheme involving fraudulent misrepresentations by the Defendants to the Plaintiffs that Plaintiffs' funds were being deposited to various investment accounts whereas in truth and in fact all of the Plaintiffs' funds were fraudulently converted by Michael Kogan to his own use.  As Kogan's scheme began to unravel, Kogan used monies belonging to Plaintiffs in order to satisfy obligations to other and earlier victims so as to dissuade them from pursuing civil and criminal charges against him.  Specifically, this action is filed for the purpose of recovering funds of Plaintiffs which have been deposited by Kogan in an escrow account in order to satisfy competing claims of the original parties in this action.

2. Jurisdiction of the original action is based upon 28 U.S.C. Section 1331 and 18 U.S.C. Section 1964(c) as a case arising under the laws of the United States and based upon the Racketeer Influence and Corrupt Organization Act. Jurisdiction over the instant Complaint is based upon the doctrine of supplemental jurisdiction. 28 U.S.C. Section 1367.

3. Venue is proper in this district under 28 U.S.C. Section 1391 because the Defendants reside in this district and because events and transactions have taken place here.

4. Plaintiff Arkadi Nisenzon ("Nisenzon") is a citizen of the United States and an individual residing at the address set forth in the caption above and is the husband of Plaintiff Lilia Shukhatian and the son-in-law of Plaintiff Georgiy Shukhatian.

5. Plaintiff Lilia Shukhatian ("Lilia") is a citizen of the United States and an individual residing at the address set forth in the caption above.

6. Plaintiff Georgiy Shukhatian ("Georgiy") is a citizen of the Ukraine and residing in Odessa at the address set forth in the caption above and is the father of Plaintiff Lilia Shukhatian. Plaintiff Georgiy Shukhatian designed his son-in-law Arkadi Nisenzon and his daughter Lilia Shukhatian as his attorneys-in-fact to deal with the investment funds which are the subject of this action.

7. Plaintiff International Alternative Service Group, Ltd. ("IASG"), is a corporation organized and existing under the laws of the Bahamas with an office at the address set forth in the caption above.

8. Defendant Michael Kogan ("Kogan") is an individual with a residence at 65 Gulph Club Drive, Langhorne, 19047. Upon information and belief, Defendant Kogan is presently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania.

Upon information and belief, Kogan is the principal and president of Kogan & Company, Inc., a Pennsylvania corporation purportedly engaged in the business of financial management and which purportedly conducted security transactions through Penn Financial Group, Inc. It is further believed and therefore averred that Kogan is a principal of Penn Financial Group, Inc., a stock brokerage firm which formerly maintained offices at 261 Old York Road, Suite 633, Jenkintown, Pennsylvania.

9. Defendant Kogan & Company is a Pennsylvania corporation purportedly engaged in the business of financial management with its last known office at 261 Old York Road, Suite 633, Jenkintown, Pennsylvania.

10. Defendant Penn Financial Group, Inc., ("Penn Financial") is a Pennsylvania corporation with last known office at 261 Old York Road, Suite 633, Jenkintown, Pennsylvania. Penn Financial held itself out to be a stock brokerage firm.

11. Defendant Natalia Sirotovsky is an individual residing in the Commonwealth of Pennsylvania at the address set forth in the original Complaint in this matter.

12. Defendant Mikhail Fityak is an individual residing in the Ukraine at the address set forth in the original Complaint.

13. Defendant Larissa Fityak is an individual residing in the Ukraine at the address set forth in the original Complaint.

14. Defendant Adolf Gavrilov is an individual residing in Russia at the address set forth in the original Complaint.

15. Defendant Lyudmila Andrianova is an individual residing in the Ukraine at the address set forth in the original Complaint.

**COUNT I**
**GEORGIY SHUKHATIAN V. MICHAEL KOGAN**
**FRAUDULENT CONVERSION**

16. Prior to February 19, 2002, Nisenzon was referred to Kogan, who represented himself to be a highly successful stockbroker employed by and/or otherwise associated with Penn Financial.

17. In reliance upon the representations of Kogan, Nisenzon and Lilia opened an account with Kogan on behalf of Georgiy on February 19, 2002, with Fiserv Securities, Inc. A copy of the Account Application is attached hereto as Exhibit 1 and incorporated herein by reference. Kogan represented to Nisenzon and to Lilia that Penn Financial Group used the services of Fiserv for the purpose of executing trade orders to buy and sell securities on behalf of clients of Penn Financial and also to perform cashiering functions. Kogan fraudulently represented that the account in the name of Georgiy Shukhatian was assigned a Fiserv account number 517-51970. In truth and in fact, no such account ever existed.

18. On or about March 7, 2002, Lilia drew a check on her father's account at Morgan Stanley in the amount of $100,000.00 for the purpose of making an initial deposit to her father's new account with Michael Kogan and delivered the check by certified mail to Kogan at his address in Jenkintown. A true and correct copy of the check and certified mail receipt is attached hereto as Exhibit 2 and incorporated herein by reference.

19. Kogan fraudulently converted the funds represented by the above-described check by depositing them into an account in the name of Kogan & Company, rather than to Georgiy's account at Fiserv.

20. By letter of March 21, 2002, Eric Laucius confirmed the opening of a new brokerage account, No. 517-51970, on behalf of Georgiy. A copy of this letter is attached hereto as Exhibit 3 and incorporated herein by reference.

21. On or about March 28, 2002, Kogan mailed to Nisenzon a statement regarding Georgiy's account No. 517-51970 showing extensive trading and a gain of almost $11,000.00 in a single month. A copy of the statement is attached hereto as Exhibit 4 and incorporated herein by reference.

22. On or about April 30, 2002, Kogan mailed to Nisenzon a statement regarding Georgiy's account No. 517-51970 showing extensive trading and a gain of almost $30,000.00 in a period of less than sixty (60) days. A copy of the statement is attached hereto as Exhibit 5 and incorporated herein by reference.

23. Each of the aforesaid statements, Exhibits 4 and 5, were completely and totally fraudulent in that Account No. 517-51970 under the name of Georgiy Shukhatian was never established at Fiserv, nor was any other account in the name of Shukhatian ever established, and each and every representation contained in the aforesaid statements is false.

24. In reliance upon the false and fraudulent representations of Kogan as set forth above, and the apparently spectacular trading results achieved by Kogan, Lilia delivered an additional $170,000.00 to Kogan for deposit to her father's account No. 517-51970 by check dated May 13, 2002. A copy of the check is attached hereto as Exhibit 6 and incorporated herein by reference.

25. As before, Kogan fraudulently converted the proceeds of the aforesaid check by depositing them to his account rather than to Account No. 517-51970 in the account of Georgiy at Fiserv.

26. Thereafter, Kogan continued to mail monthly statements on Georgiy's account to Nisenzon which continued to show extensive stock trades and spectacular profits. According to the statement forwarded by Kogan on or about April 30, 2003, Georgiy's account balance had grown to $708,482.97. A copy of this statement is attached hereto as Exhibit 7 and incorporated herein by reference.

27. In truth and in fact, no such account existed and Georgiy's deposits were all fraudulently converted by Kogan to his own use. See letter dated May 29, 2003, from Fiserv to Nisenzon, attached hereto as Exhibit 8 and incorporated herein by reference.

28. As a result of the fraudulent representations and conversions of funds described above, Georgiy Shukhatian has been defrauded of the sum of $270,000.00.

WHEREFORE, Plaintiff Georgiy Shukhatian requests this Honorable Court to enter judgment in his favor and against Defendant Michael Kogan in the amount of $270,000.00, together with attorneys' fees and costs.

## COUNT II
## ARKADI NISENZON AND INTERNATIONAL ALTERNATIVE SERVICE GROUP LTD. V. MICHAEL KOGAN
## FRAUDULENT CONVERSION

29. In reliance upon the fraudulent representations of Kogan, including but not limited to the statements regarding the account of his father-in-law, Georgiy Shukhatian, Nisenzon determined to begin investing his own money with Kogan and proposed that they form an equal partnership for the purpose of investing in stocks and securities. Nisenzon and Kogan agreed that they would each contribute equal amounts of capital and would equally share in the profits of the trading activity.

30. Pursuant to the aforesaid agreement, an account was established at Fiserv Securities, Inc., in the name of LA Commodities, LLC, and Nisenzon was falsely and fraudulently advised by Kogan that the account number assigned to the partnership account was 517-52073. A true and correct copy of the account application is attached hereto as Exhibit 9 and incorporated herein by reference.

31.     In truth and in fact, Kogan never established a partnership account in the name of LA Commodities. Unbeknownst to Nisenzon, Fiserv Account No. 517-52073 was not a Fiserv account in the name of LA Commodities, LLC, but was, rather, an account established by Kogan in the name of Equity Allocation Partners and with regard to which Kogan was the only authorized principal. See letter from Fiserv dated May 29, 2003, Exhibit 8.

32.     On or about July 25, 2002, Nisenzon sent to Kogan by Federal Express his check in the amount of $200,000.00 for deposit to Account No. 517-52073 in the name of LA Commodities, LLC. A copy of the check is attached hereto as Exhibit 10 and incorporated herein by reference. Kogan caused the funds represented by this check to be deposited to his own account at Fiserv, in the name of Equity Allocation Partners, thereby immediately converting these funds to his own use.

33.     On or about August 30, 2002, Kogan mailed to Nisenzon a false and fraudulent account statement for LA Commodities which fraudulently represented, *inter alia*, that Kogan had also invested $200,000.00 in the partnership account as his capital contribution, by means of an "internal transfer" to the account. This false and fraudulent statement further represented that LA Commodities had realized in excess of $41,000.00 in trading profits in its first month of operation. A copy of the said statement is attached hereto as Exhibit 11 and incorporated herein by reference.

34.     On or about October 9, 2002, based upon the false and fraudulent misrepresentations of Kogan, Nisenzon drew a check in the amount of $200,000.00 made payable to Fiserv Securities, Inc., for deposit to Account No. 517-52073 for the purpose of making a further capital contribution to LA Commodities. Nisenzon delivered the check to Kogan via Federal Express. A copy of the check is attached hereto as Exhibit 12 and incorporated herein by reference.

35. Kogan fraudulently converted the aforesaid check by depositing it to his personal account at Citizens Bank, Account No. 6101653211.

36. On or about November 25, 2002, again relying upon the fraudulent misrepresentations of Kogan, Nisenzon invested an additional $100,000.00 in what he believed to be the LA Commodities account, No. 517-52073, by check delivered to Kogan via Federal Express. A copy of the check is attached hereto as Exhibit 13 and incorporated herein by reference.

37. Kogan fraudulently converted the proceeds of the aforesaid check by depositing it in his personal account at Citizens Bank, Account No. 6101653211.

38. Throughout this period of time, Kogan sent Nisenzon, via both regular mail and email, account statements showing extensive trading activity and spectacular trading profits. In reliance upon these false and fraudulent representations, Nisenzon made additional investments to what he believed was the account of LA Commodities by means of wire transfers on various dates in a total amount of $30,150.00.

39. By December 2002, Nisenzon, believing Kogan to be a stock trader of extraordinary acumen, agreed to join with Kogan in the establishment of a limited partnership which would operate as a hedge fund and would have, as its general partner, LA Commodities. The partnership was to be known as Milex Fund L.P. A copy of the purported Partnership Agreement is attached hereto as Exhibit 14 and incorporated herein by reference.

40. On or about December 30, 2002, Kogan advised Nisenzon, by email, that the new account in the name of the Milex Fund had been established at Fiserv Securities and was assigned Account No. 517-53204. A true and correct copy of the email is attached hereto as Exhibit 15 and incorporated herein by reference.

41. In order to provide operating capital for Milex, Nisenzon borrowed $1 million dollars ($1,000,000.00) from International Alternatives Service Group, Inc., a corporation owned by Nisenzon's wife, Plaintiff Lilia Shukhatian.

42. On or about February 25, 2003, based upon the false and fraudulent misrepresentations of Kogan, Lilia Shukhatian caused a wire transfer in the amount of $1 million dollars to be made to Fiserv Securities for the credit of an account, No. 517-52073, which she believed was the account of LA Commodities but which was, in fact, a Kogan account titled in the name of Equity Allocation Partners. See wire transfer authorization attached hereto as Exhibit 16 and incorporated herein by reference.

43. Thereafter, Kogan falsely and fraudulently represented that the aforesaid $1 million dollars were deposited to the LA Commodities account and then transferred to the Milex account. See account information dated March 3, 2003, attached hereto as Exhibit 17 and incorporated herein by reference.  See also statement for the period ended March 31, 2003, attached hereto as Exhibit 18 and incorporated herein by reference. In truth and in fact, Kogan had already secretly and fraudulently converted the $1 million dollars to his own use and thereafter fraudulently created account statements to give the impression that funds were transferred from the non-existent LA Commodities account to the non-existent Milex account and to thereby conceal his conversion of the said funds.

44. As a result of the fraud and deception described above, Arkadi Nisenzon and IASG were defrauded of the further sum of $1 million dollars.

WHEREFORE, Arkadi Nisenzon and International Alternative Service Group, Ltd., demand judgment against Michael Kogan in the amount of $1,530,150.00 (One million five hundred thirty thousand one hundred fifty dollars), together with attorneys' fees and costs.

## COUNT III
## ARKADI NISENZON, LILIA SHUKHATIAN AND INTERNATIONAL ALTERNATIVE SERVICE GROUP, LTD., V. NATALIA SIROTOVSKY, MIKHAIL FITYAK, LARISSA FITYAK, ADOLF GAVRILOV AND LYUDMILA ANDRIANOVA – REPLEVIN

45. Defendant Michael Kogan used a part of the proceeds fraudulently converted from Plaintiffs, as described in Counts I and II above, to repay other victims of his fraudulent schemes in order to dissuade them from bringing criminal charges against him.

46. On February 27, 2003, two days after receiving the $1 million dollar wire transfer described in Paragraphs 42 and 43 above, Kogan caused funds to be wired from the Equity Allocation Partners' account to the accounts of the following Defendants herein and in the following amounts:

| | |
|---|---|
| L. Andrianova | $ 98,304.00 |
| M. Fityak | $111,142.00 |
| L. Fityak | $ 45,232.00 |
| A. Gavrilov | $ 42,812.00 |
| N. Sirotovsky | $ 40,010.00 |

See Exhibit 19 attached hereto and incorporated herein by reference.

47. Each of the aforesaid transfers was to an account, identified in Exhibit19, at PNC Bank.

48. The escrow accounts described in Paragraph 46 continue to be held in the accounts at PNC Bank in the names of Natalia Sirotovsky, Mikhail Fityak, Larissa Fityak, Adolf Gavrilov, and Lyudmila Andrianova and for their benefit.

49. The funds placed in escrow in this matter, in the total amount of $337,500.00, are identifiable as funds received two days earlier from the Intervener Plaintiffs and Intervener Plaintiffs can demonstrate title and right of possession to the escrow funds which is superior to that of all other parties in this litigation and therefore entitles them to immediate possession of the funds.

50. Plaintiffs believe and therefore aver that they have both title and the right to immediate possession, as against all other parties in this litigation, to the escrow funds.

WHEREFORE, Plaintiffs request this Honorable Court to issue a writ of seizure for the escrow fund at issue and to order the said funds to be returned to them forthwith.

Respectfully submitted,

Date: 8/12/2004

BY:_____
HARVEY A. SERNOVITZ, ESQUIRE
Attorney for Arkadi Nisenzon, Lilia Shukhatian, and Georgiy Shukhatian

I.D. No. 10313
Two Penn Center Plaza, Suite 910
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 636-0500

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARKADI NISENZON AND LILIA SHUKHATIAN<br>and<br>GEORGIY SHUKHATIAN<br>and<br>INTERNATIONAL ALTERNATIVE SERVICE GROUP, LTD.<br>v.<br>ALEXANDER FINANCE C.D. INC.<br>v.<br>ARKADY SIROTOVSKY, NATALIA SIROTOVSKY, MYKHAILO FITYAK, LARISSA FITYAK, ADOLF GAVRILOV, and LYUDMILA ANDRIANOVA<br>v.<br>ALEXANDER FINANCE, ANDREW CHAROFF, EUGENE URITSKY, GENE BURD, ALEXANDER HOLDINGS, LL, COMMERCE WAY, INC., MICHAEL KOGAN, KOGAN & COMPANY, INC., PENN FINANCIAL GROUP, INC. | NO. 02-CV-4977 |

## CERTIFICATE OF SERVICE

Harvey A. Sernovitz, Esquire, counsel for Arkadi Nisenzon, Lilia Shukhatian, Georgiy Shukhatian, and International Alternative Service Group, Ltd., hereby certifies that on the  12th  day of  August, 2004,  he served a true and correct copy of the attached Amended Complaint by U.S. First Class mail, postage prepaid, to the following counsel as follows:

A. Charles Peruto, Esquire
Washington West Building
235 South 8th Street
Philadelphia, PA 19106
Attorney for Alexander Finance C.D., Inc.,
Kogan & Company, Inc., Michael Kogan,
Commerce Way, Inc., Alexander Holdings, LLC,
Eugene Uritsky, Andrew Charoff

Dante Mattioni, Esquire and Paul Kettunen, Esquire
Mattioni, Ltd.
399 Market Street, Second Floor
Philadelphia, PA 19106
Attorney for Arkady Sirotovsky, Natalia Sirotovsky, Mykhailo Fityak, Larissa Fityak, Adolf Gavrilov, Lyudmila Andrianova

| | |
|---|---|
| Richard L. Scheff, Esquire<br>Montgomery, McCracken, Walker & Rhoads<br>123 South Broad Street<br>Philadelphia, PA 19109<br>Attorney for Penn Financial Group, Inc. | Gene M. Burd, Esquire<br>Marks & Sokolov, LLC<br>1835 Market Street<br>Philadelphia, PA 19103<br>Attorney for Gene Burd |

Date:  8/12/2004                            BY: _____
                                                          HARVEY A. SERNOVITZ, ESQUIRE