IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER FINANCE C.D., INC. : | | |
| Plaintiff, : | | CIVIL ACTION |
| : | | |
| v. : | | |
| : | | |
| ARKADY SIROTOVSKY, et.al., : | | |
| Defendants and Third-Party : | | No. 02 CV 4977 |
| Plaintiffs, : | | |
| : | | |
| v. : | | |
| : | | JURY TRIAL DEMANDED |
| PENN FINANCIAL GROUP, INC. et.al. : | | |
| Third-Party Defendants. : | | |

**THIRD-PARTY DEFENDANT GENE BURD'S MEMORANDUM OF LAW
IN SUPORT OF HIS MOTION TO STRIKE THIRD-PARTY PLAINTIFFS' BILL
OF PARTICULARS**

Third-Party Defendant Gene Burd ("Burd") respectfully submits this Memorandum of Law in support of his Motion to Strike Third-Party Plaintiffs' Bill of Particulars for failure to comply with the Rules of this Court.

Burd filed his motion to dismiss or, in the alternative, for a more definite statement on August 9, 2004. In response, on September 7, 2004, Third-Party Plaintiffs filed Bill of Particulars disguised as a purported attachment to their response to the Burd's motion to dismiss.

Third-Party Plaintiffs apparently forgot that bills of particulars have been abolished in 1948. *See Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). Moreover, even when they were allowed, the courts repeatedly criticized Bills of Particulars as expensive, delaying, harassing, and draining on judicial time and energy practice. *See, e.g., Raudenbush v. Baltimore & O. R. Co.*, 4 F.R.D. 171, 172 (E.D.

Pa.1944). This harassment and burden is exactly what Third-Party Plaintiffs intended to impose by filing over one hundred pages of purported "details" allegedly buttressing unintelligible claims that do not have basis in law.

Put succinctly, the Federal Rules of Civil Procedure do not provide for bills of particulars. *See* Fed. R. Civ. P. 7 and 12. Moreover, bills of particulars were explicitly abolished in the 1948 Amendment to the Rules. The Advisory Committee's Note accompanying the amendment clearly states: "Rule 12(e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and had been much criticized by commentators, judges, and members of the bar." Fed. R. Civ. P. 12, Advisory Committee Notes to Subdivision (e). Accordingly, bills of particulars simply do not exist under the Rules and they are certainly not a substitute for a well-pleaded counterclaim. Third-Party Plaintiffs should not be given an opportunity to take a second bite at convincing this Court that their counterclaim alleges facts sufficient to withstand the motion to dismiss, when, in fact, the counterclaim plainly fails to state any causes of action against Gene Burd and contains nothing but general conclusory, scandalous, and unintelligible claims unsupported by a single speck of evidence or factual basis.

For the foregoing reason, Burd respectfully requests this Court to strike Third-Party Plaintiffs' Bill of Particulars.

                                          **MARKS & SOKOLOV, LLC.**

                                          /s/ Gene M. Burd
                                          By: Gene M. Burd, Esq.
                                          1835 Market Street
                                          28th Floor
                                          Philadelphia, PA 19103
                                          (215) 569-8901

Dated: August 14, 2004

## CERTIFICATE OF SERVICE

I, Maria Temkin, hereby certify that a true and correct copy of the Third-Party Defendant Gene Burd's Motion To Strike Third-Party Plaintiffs' Bill of Particulars, along with the supporting Memorandum of Law and Proposed Order was served on September 14, 2004, via first class mail as follows:

A. Charles Peruto, Esq.
Washington West Building
235 South 8th Street
Philadelphia, PA 19106

Richard L. Scheff, Esq.
Montgomery, McCracken, Walker & Rhoads
123 South Broad Steet
Philadelphia, PA 19109

Dante Mattioni, Esq.
Paul Kettunen, Esq.
Mattioni, Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106

Harvey A. Sernovitz, Esq.
Two Penn Center Plaza, Suite 910
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102

**Marks & Sokolov, LLC**

By: _____
Maria Temkin

Date:   September 14, 2004